Liu v. Lynch

BIA
Vomacka, IJ
A089 840 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand sixteen.

PRESENT:
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JIAN WU LIU,
*Petitioner,*

v.                                            14-3205
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Mona Liza F. Lao, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Greg D.
                         Mack, Senior Litigation Counsel;
                         Aaron D. Nelson, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Wu Liu, a native and citizen of the People's Republic of China, seeks review of an August 7, 2014, decision of the BIA, affirming a December 10, 2012, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Wu Liu,* No. A089 840 662 (B.I.A. Aug. 7, 2014), *aff'g* No. A089 840 662 (Immig. Ct. N.Y. City Dec. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, the Court has reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

2

Substantial evidence supports the agency's determination that Liu was not credible.

The agency reasonably relied on record inconsistencies regarding when Liu began distributing Falun Gong flyers, whether he was attacked by police with a stick, and what injuries he suffered. *See Xiu Xia Lin*, 534 F.3d at 166-67. Liu's testimony was also inconsistent with his credible fear interview regarding whether he is a Falun Gong practitioner. *See id.; see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir 2009). When questioned about these discrepancies, Liu's answers were nonresponsive. The agency was therefore not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Liu's credibility, the agency reasonably relied further on his failure to provide sufficient corroborating evidence as to his alleged practice of Falun Gong in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit an affidavit from Liu's cousin stating that she had seen him practice Falun Gong because she failed to appear as a witness when scheduled and thus was not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

3

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4